UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| PHILLIP WAYNE POND,<br><br>Plaintiff,<br><br>vs.<br><br>MEGAN POPPEN, U.S. District Attorney at Dist. of South Dakota Western Division, in individual and official capacity; BRIAN HEALY, Special Agent F.B.I. at Rapid City Federal Bureau of Investigation, in individual and official capacity; DANIAL MOSTELLER, United States Marshal at Sioux Falls, in individual and official capacity; and BRIAN MUELLER, Pennington Co. Sherriff at Pennington County Jail, in individual and official capacity,<br><br>Defendants. | 5:24-CV-05038-RAL<br><br>OPINION AND ORDER DENYING PLAINITFF'S MOTIONS FOR JUDICIAL NOTICE AND SUPERVISORY ACTION |

Plaintiff Phillip Wayne Pond, an inmate at the Pennington County Jail, filed this pro se civil rights lawsuit on June 5, 2024. Doc. 1. Pond filed a motion to leave to proceed in forma pauperis and provided the Court with his prisoner trust account report. Docs. 2, 3. This Court granted Pond's motion for leave to proceed in forma pauperis and ordered him to pay an initial partial filing of $9.82 by July 27, 2024. Doc. 7. To date, Pond has not paid the initial partial filing fee, so this Court has not screened Pond's complaint in accordance with 28 U.S.C. § 1915A. Ponds has filed two motions for judicial notice and supervisory action. Docs. 5, 8. In his motions, Pond accuses the Honorable Karen E. Schreier and a staff member with the Clerk of Court for the District of South Dakota of intentionally falsifying the record in a habeas action Pond commenced. Doc 5

at 2; Doc. 8 at 3. Pond alleges "[t]his reveals prejudice and conspiracy to violate [his] Due Process Rights." Doc. 5 at 2. For the reasons explained below, Pond's motions are denied.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 17, 2021, Pond filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pond v. Mosteller, 5:21-CV-05016-KES (D.S.D.), Doc. 1. At the time he filed his petition, Pond was a federal pretrial detainee. Id. at 1. In his § 2241 petition, Pond requested that the Court dismiss the indictment in a pending criminal matter, United States v. Phillip Pond, 5:21-CR-50028 (D.S.D.). 5:21-CV-05016-KES, Doc. 1 at 7. Pond alleged four grounds to support his § 2241 petition: (1) that the grand jury relied on hearsay statements to indict him; (2) that the arrest warrant was issued without probable cause; (3) that the prosecutors engaged in selective and vindictive prosecution; and (4) that his court-appointed counsel refused to file certain motions. Id. at pp. 6–7. Judge Schreier screened Pond's § 2241 petition, dismissing Pond's § 2241 petition without prejudice because his claims were entangled with issues in his pending criminal proceeding. Id. at Doc. 12, pp. 2–3. Judge Schreier entered judgment without prejudice in favor of respondents and against Pond. Id. at Doc. 13.

After a jury found Pond not guilty on all pending charges, Judge Schreier entered a judgment of acquittal. 5:21-CR-50028-KES, Docs. 103, 111. On April 16, 2024, almost three years after Pond's § 2241 petition was dismissed without prejudice, Ponds filed a motion for reconsideration of the dismissal on the grounds that the not guilty verdict in 5:21-CR-50028-KES validates several, if not all, of the claims he raised in his § 2241 petition. 5:21-CV-05016-KES, Doc. 18 at 1–2. Ponds also filed a notice of appeal to the United States Court of Appeals for the Eighth Circuit from the May 10, 2021, judgment dismissing his § 2241 petition without prejudice. Id. at Doc. 19. After reviewing the District Court's original file, the Eighth Circuit dismissed

Pond's appeal as untimely. Id. at Doc. 22. Subsequently, the Eighth Circuit denied Pond's petition for rehearing by the panel. Id. at Doc. 24. Judge Schreier denied Pond's motion for reconsideration. Id. at Doc. 23. On June 28, 2024, Pond filed with the Eighth Circuit a "Pro Se Motion for Judicial Notice and Supervisory Action." Pond v. Mosteller, 24-1972 (8th Cir. Jun. 28, 2024). Pond's motion for judicial notice and supervisory action filed with the Eighth Circuit raises many of the same arguments Pond makes in the motions for judicial notice and supervisory action that are pending before this Court. See Docs. 5, 8. The Eighth Circuit denied Pond's motion to take judicial notice and supervisory action. Pond v. Mosteller, 24-1972 (8th Cir. Jul. 2, 2024). The Eighth Circuit also ordered that no further filing would be accepted in Pond's appeal in his § 2241 action. Id.

On January 18, 2024, Pond was indicted for conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 846, 841(a), and 841(b)(1)(A) and distribution of a controlled substance to an individual under 21 in violation of 21 U.S.C. §§ 841(a)(1) and 859(a). United States v. Phil Pond, 5:24-CR-50009-KES (D.S.D.), Doc. 1. Following a detention hearing, Magistrate Judge Wollmann ordered that Pond be detained pending trial. Doc. 44. A jury trial is scheduled for July 30, 2024. Id., Doc. 143. In this § 1983 action, Pond alleges that he is being unlawfully detained and that the pending criminal charges against him should be dismissed for various reasons. Doc. 1. Pond has raised the same arguments he now raises in his motions for judicial notice and supervisory action in this § 1983 action in his pending criminal case. See 5:24-CR-50009-KES, Docs. 154, 221.

## DISCUSSION

### I. Pond's Allegations of Conspiracy and Falsification of the Record are Unfounded

Pond alleges that Judge Schreier "clearly must have abused discretion, by allowing to the record to be false" and to reflect that judgment was entered in favor of the defendants in Pond's § 2241 action. Doc. 5 at 2. Pond makes this allegation based on the Eighth Circuit notifying him that the District Court had failed to serve the respondents in his § 2241 action. Id. Pond's argument misrepresents the Eighth Circuit record. After the District Court Clerk of Court transmitted Pond's notice of appeal to the Eighth Circuit, the Eighth Circuit Clerk of Court sent Pond a letter informing him that the appeal pleading had been docketed and provided the assigned case number. Pond v. Mosteller, 24-1972 (8th Cir. May 8, 2024). The letter also states that "[w]e note that the matter was not served by the district court on any other party. Accordingly, you are notified that you are the only party to this appeal." Id. The docketing letter does not reference any inaccuracy or falsification of the district court record. Id. Further, Pond's notice of appeal was dismissed as untimely, which is wholly unrelated to whether the respondents were served or whether Pond was the only party to the appeal. 5:21-CV-05016, Doc. 22. Simply put, there is no record evidence or authority to support Pond's allegation that Judge Schreier and any staff from the Clerk of Court conspired to violate his due process rights by falsifying the district court record.

### II. This Court Lacks Authority to take Judicial Notice of Alleged Constitutional Violations in Pond's Criminal Case

Federal Rule of Evidence 201(b) provides that the "court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." As previously noted, the matters of which Pond requests this Court to take judicial notice are arguments he raised in his pending criminal case

challenging the validity of the indictment. See 5:24-CR-50009-KES, Docs. 154, 221. These matters are not "facts" that cannot reasonably be disputed. Rather, Pond is requesting that this Court take judicial notice of his arguments challenging the validity of an indictment in a pending criminal case. This Court declines to do so. In essence, Pond is requesting that the Court review, in the context of a § 1983 action, the rulings of the assigned District Court Judge and Magistrate Judge in a pending criminal case. It is not proper for this Court to do so, regardless of how Pond postures his request.

Finally, to the extent Pond's motions for judicial notice and supervisory action request this Court order that Judge Schreier recuse herself in the pending criminal case, Pond's request is denied. This Court does not have authority, in this § 1983 action, to order that the District Court Judge assigned to a pending criminal case recuse herself. Further, after reviewing Pond's motions for judicial notice and supervisory action as well as the docket entries in Pond's pending criminal case, 5:24-CR-50009-KES, this Court finds no reason that Judge Schreier should consider recusal.

Accordingly, it is

ORDERED that Pond's motions for judicial notice and supervisory action, Docs. 5, 8, are denied. It is further

ORDERED that Pond's motions for judicial notice and supervisory action, Docs. 5, 8, shall be filed under seal as they identify a minor, along with the minor's date of birth, interviewed by the FBI. See D.S.D. Civ. LR 5.2.

DATED July 9th, 2024.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE