UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| PHILLIP WAYNE POND,<br><br>Plaintiff,<br><br>vs.<br><br>MEGAN POPPEN, U.S. District Attorney at Dist. of South Dakota Western Division, in individual and official capacity; BRIAN HEALY, Special Agent F.B.I. at Rapid City Federal Bureau of Investigation, in individual and official capacity; DANIAL MOSTELLER, United States Marshal at Sioux Falls, in individual and official capacity; and BRIAN MUELLER, Pennington Co. Sherriff at Pennington County Jail, in individual and official capacity,<br><br>Defendants. | 5:24-CV-05038-RAL<br><br><br>OPINION AND ORDER UNDER SECTION 1915A DISMISSING COMPLAINT |

Plaintiff Phillip Wayne Pond, who was an inmate at the Pennington County Jail, filed this pro se civil rights lawsuit. Doc. 1. Pond filed a motion to leave to proceed in forma pauperis and provided the Court with his prisoner trust account report. Docs. 2, 3. This Court granted Pond's motion for leave to proceed in forma pauperis and ordered him to pay an initial partial filing fee. Doc. 7. Pond has paid the initial partial filing fee, so this Court now screens Pond's complaint in accordance with 28 U.S.C. § 1915A.

I.     **1915A Screening**

    A.     **Factual Background as Alleged by Pond[1]**

On January 16, 2024, FBI Special Agent Brian Healy according to Pond's complaint provided fabricated hearsay testimony before United States Magistrate Judge Daneta Wollmann. Doc. 1 at 4. Agent Healy testified that Pond and his father, Leslie Pond, had violently beaten, drugged, and raped a minor. Id. at 4, 6. Two days later, on January 18, 2024, Assistant United States Attorney Megan Poppen presented testimony from Agent Healy as part of a civil conspiracy to seek an indictment for a nonviolent drug charge. Id. at 4. Agent Healy's testimony on January 18, 2024 omitted all allegations of sexual assault that had been sworn to two days earlier. Id. at 4, 6. Pond contends that Agent Healy failed to obtain parental consent to conduct a "drug interview" of the minor that led to the grand jury's decision to charge him, but Agent Healy omitted this information during his testimony on January 16 and January 18, 2024. Id. at 6. When Agent Healy testified, Pond was in the custody of an adult offender facility and being actively prosecuted by the Oglala Sioux Tribe. Id. at 5. Pond also states that a federal jury found him not guilty on May 27, 2021. Id.; see also United States v. Phillip Pond, 5:21-CR-50028-KES, Docs. 103, 111.[2] In the 2021 federal criminal case, Pond had been indicted for murder. Doc. 5 at 1.

On January 18, 2024, Pond was indicted for conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 846, 841(a), and 841(b)(1)(A) and distribution of a controlled substance to an individual under 21 in violation of 21 U.S.C. §§ 841(a)(1) and 859(a). Doc. 5 at 5; United States v. Phil Pond, 5:24-CR-50009-KES, Doc. 1. After the indictment, Magistrate

---

    [1] This Court takes the facts as alleged by Pond as true when screening his complaint.
    [2] "Judicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it." United States v. Jackson, 640 F.2d 614, 617 (8th Cir. 1981) (quoting St. Louis Baptist Temple, Inc. v. F.D.I.C., 605 F.2d 1169, 1172 (10th Cir. 1979)).

Judge Wollmann "unlawfully ordered detainment and transport in violation of [the] Double Jeopardy Clause." Doc. 1 at 4; see also United States v. Phil Pond, 5:24-CR-50009-KES, Doc. 44. Pond contends that United States Marshal Daniel Mosteller[3] and Pennington County Sheriff Brian Mueller unlawfully detained Pond following his indictment. Doc. 1 at 4–5.

Pond sues AUSA Poppen, Agent Healy, Marshal Mosteller, and Sheriff Mueller in their individual and official capacities. Id. at 2. Pond sues defendants for violating his rights under the Fourth Amendment, Fifth Amendment, and Fourteenth Amendment. Id. at 4–6. Pond demands dismissal of the indictment and $75 million dollars in compensatory and punitive damages for mental anguish during the time he has been unconstitutionally detained based on false evidence and hearsay. Id. at 7. He requests that the Court release him so that he "may better prepare for trial." Id.

**B.     Legal Standard**

A court when screening under § 1915A must assume as true all facts well pleaded in the complaint. Est. of Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); see also Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993) (per

---

[3] Pond's complaint misspells Marshal Mosteller's first name. This Court will use the correct spelling in this Opinion and Order. This Court also notes that Mosteller is no longer serving as the United States Marshal for the District of South Dakota, but he was in that position during some of the time relevant to Pond's complaint.

curiam) (citation omitted); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007) (per curiam) (citations omitted).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation omitted). If a complaint does not contain these bare essentials, dismissal is appropriate. See Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985) (citation omitted). Twombly requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." 550 U.S. at 555 (internal citation omitted); see also Abdullah v. Minnesota, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a complaint "must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing Twombly, 550 U.S. at 553–63)). Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (internal quotation marks omitted) (quoting Twombly, 550 U.S. at 556). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

C. **Legal Analysis**

1. **Claims Against AUSA Poppen, Agent Healy, and Marshal Mosteller**

a. **Section 1983**

According to his complaint, Pond brings this action pursuant to 42 U.S.C. § 1983. Doc. 1 at 1. "Section 1983 creates a remedy to redress a deprivation of a federally protected right by a person acting under color of state law, but is inapplicable to persons acting under color of federal law." Haley v. Walker, 751 F.2d 284, 285 (8th Cir. 1984) (per curiam). Pond alleges that AUSA Poppen and FBI Agent Healy violated his constitutional rights in connection with federal criminal proceedings that eventually led to an indictment for conspiracy to distribute a controlled substance and distribution of a controlled substance to an individual under 21 in violation of federal law. Doc. 1 at 4–6. After the indictment, Pond alleges that Magistrate Judge Wollmann ordered detention and transport and that Marshal Mosteller unlawfully detained Pond pursuant to Magistrate Judge Wollmann's order. Id. at 4–5; see also United States v. Phil Pond, 5:24-CR-50009-KES, Doc. 44. Because Pond alleges that AUSA Poppen, Agent Healy, and Marshal Mosteller violated his constitutional rights while acting under color of federal law, Pond's § 1983 claims against these defendants in their individual capacities are dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

b. **Individual Capacity Claims**

Although Pond's complaint does not indicate that he is bringing claims under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), this Court liberally construes Pond's individual capacity claims against AUSA Poppen, Agent Healy, and Marshal Mosteller as Bivens claims. "A Bivens claim is a cause of action brought directly under the United States Constitution against a federal official acting in his or her individual capacity for violations of constitutionally

5

protected rights." Buford v. Runyon, 160 F.3d 1199, 1203 n.6 (8th Cir. 1998). In Bivens, the United States Supreme Court recognized an implied cause of action under the Fourth Amendment against federal officers for entering and searching the plaintiff's apartment and then arresting him, all without a warrant. 403 U.S. at 389. The Supreme Court has only recognized an implied cause of action for money damages under the Constitution in two other contexts: a Fifth Amendment gender discrimination claim against a Congressman for firing his female staffer, Davis v. Passman, 442 U.S. 228, 248–49 (1979), and an Eighth Amendment claim against federal prison officials for failure to treat an inmate's serious medical need that resulted in his death, Carlson v. Green, 446 U.S. 14, 24 (1980). See Ziglar v. Abbasi, 582 U.S. 120, 131 (2017) (recognizing that "[t]hese three cases—Bivens, Davis, and Carlson—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself").

A Bivens remedy is not available for all constitutional violations and expanding the implied cause of action under Bivens is "a 'disfavored' judicial activity." Id. at 135 (citing Iqbal, 556 U.S. at 675). The United States Court of Appeals for the Eighth Circuit has adopted a "presumption against judicial recognition of direct actions for violations of the Constitution by federal officials." Farah v. Weyker, 926 F.3d 492, 500 (8th Cir. 2019) (quoting Neb. Beef, Ltd. v. Greening, 398 F.3d 1080, 1084 (8th Cir. 2005)).

In deciding whether to extend a Bivens remedy, courts engage in a two-step inquiry. See Egbert v. Boule, 596 U.S. 482, 492 (2022). First, the court considers whether the claim at issue is "'meaningful[ly]' different from the three cases in which the Court has implied a damages action." Id. (alteration in original) (quoting Ziglar, 582 U.S. at 139). If the claim has not been previously recognized as a Bivens claim, the court proceeds to step two. At step two, the court asks "if there are 'special factors [that] counsel[] hesitation'" before implying a new cause of action "in the

absence of affirmative action by Congress." Ziglar, 582 U.S at 136 (quoting Carlson, 446 U.S. at 18). Related to this second step is the question of whether an alternative remedy exists. Id. at 137; see also Wilkie v. Robbins, 551 U.S. 537, 550 (2007). If a court has "reason to pause before applying Bivens in a new context or to a new class of defendants—[it should] reject the request." Hernandez v. Mesa, 589 U.S. 93, 102 (2020).

This Court finds that Pond's claims are "meaningfully different" than those Bivens claims previously recognized by the Supreme Court. A case may be meaningfully different:

> because of the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous Bivens cases did not consider.

Ziglar, 582 U.S. at 140. In Farah v. Weyker, 926 F.3d 492, 498–500 (8th Cir. 2019), the Eighth Circuit held that a claim about a federal law-enforcement officer lying, manipulating witnesses, and falsifying evidence was meaningfully different than the claim in Bivens arising from a warrantless search and arrest, although the constitutional right at issue is the same. For the same reasons that Eighth Circuit found that the claim at issue in Farah would require extending an implied cause of action under Bivens to a new context, Pond's claims are "meaningfully different" than those Bivens claims previously recognized by the Supreme Court. Id. at 499 ("[T]reating all search-and-seizure cases the same would contradict the Supreme Court's direction that a context can be new even if it involves the same constitutional right as an existing case."); see also Cantú v. Moody, 933 F.3d 414, 423 (5th Cir. 2019) (concluding that a Fourth Amendment unlawful seizure claim presented a new context when the plaintiff alleged that officers "falsified affidavits," rather than entered a home without a warrant in violation of the right to privacy).

In Farah, the Eighth Circuit identified "special factors" that counsel hesitation without express authorization from Congress. 926 F.3d at 500–02. The same "special factors" counsel hesitation in this case.

But even if this Court were to recognize a Bivens cause of action based on Pond's allegations, AUSA Poppen, Agent Healy, and Marshal Mosteller are entitled to immunity for the claims Pond makes against them. "Prosecutors enjoy absolute immunity from federal tort liability, including Bivens liability, for their work as prosecutors." Greenpoint Tactical Income Fund LLC v. Pettigrew, 38 F.4th 555, 565 (7th Cir. 2022) (citing Imbler v. Pachtman, 424 U.S. 409, 430–31 (1976)); see also Myers v. Morris, 810 F.2d 1437, 1446 (8th Cir. 1987) ("[A]llegations that a prosecutor knowingly offered, used or presented false, misleading or perjured testimony at trial or before a grand jury do not defeat absolute prosecutorial immunity, regardless of how reprehensible such conduct would be if it occurred."). Law enforcement officers are entitled to absolute immunity from claims arising out of grand jury testimony, including claims that they knowingly presented false testimony. Rehberg v. Paulk, 566 U.S. 356, 369 (2012). Marshal Mosteller is entitled to quasi-judicial absolute immunity from damages for detaining Pond pursuant to Magistrate Judge Wollmann's order of confinement. Patterson v. Von Riesen, 999 F.2d 1235, 1241 (8th Cir. 1993).

Accordingly, Pond's individual capacity Bivens claims against AUSA Poppen, Agent Healy, and Marshal Mosteller are dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii, iii) and 1915A(b)(1, 2).

### c. Official Capacity Claims

Claims brought against federal employees in their official capacities are equivalent to claims against the United States. Buford, 160 F.3d at 1203; Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985).

#### i. Money Damages

"[S]overeign immunity shields the Federal Government and its agencies from suit." Mader v. United States, 654 F.3d 794, 797 (8th Cir. 2011) (alteration in original) (quoting F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994)). Although Congress may waive the United States' sovereign immunity, id., "[a]bsent an express waiver of sovereign immunity, money awards cannot be imposed against the United States." McBride v. Coleman, 955 F.2d 571, 576 (8th Cir. 1992). "[A] Bivens action cannot be prosecuted against the United States and its agencies because of sovereign immunity." Buford, 160 F.3d at 1203.

Even if this Court liberally construed Pond's official capacity claims for money damages to be claims under the Federal Tort Claims Act (FTCA), Pond fails to state a claim upon which relief may be granted. "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." McNeil v. United States, 508 U.S. 106, 113 (1993). To exhaust, the plaintiff "shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail[,]" or the agency must have failed to make a final decision within six months after the claim was filed. 28 U.S.C. § 2675(a). See also 28 C.F.R. §§ 543.30–543.32 (explaining requirements to exhaust claim with BOP). "Presentment of an administrative claim is jurisdictional and must be pleaded and proven by the FTCA claimant." Bellecourt v. United States, 994 F.2d 427, 430 (8th Cir. 1993); D. L. v. Vassilev, 858 F.3d 1242, 1244 (9th Cir. 2017) (citation omitted). Pond

9

does not allege that he presented any of his claims to an appropriate agency. Thus, Pond has failed to state an FTCA claim. See Sanders v. United States, 760 F.2d 869, 872 (8th Cir. 1985) (affirming dismissal of an FTCA claim on screening under § 1915(e)'s predecessor because federal inmate did not indicate in his complaint that he filed an administrative claim with the BOP before filing suit).

This Court does not have jurisdiction over other claims against the United States for money damages under the Tucker Act. "The defense of sovereign immunity blocks suits against the United States for money damages in excess of $10,000.00 unless brought in the Court of Claims under the Tucker Act, 28 U.S.C. §§ 1346 and 1491." Moessmer v. United States, 613 F. Supp. 336, 338 (E.D. Mo. 1985) (citing Clark v. United States, 596 F.2d 252, 253 (7th Cir. 1979)).

Because Pond has not alleged any claims against the United States for money damages that survived § 1915 screening, his official capacity claims for money damages are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii–iii) and 1915A(b)(1, 2).

### ii. Injunctive Relief

Pond's complaint requests dismissal of the indictment in 5:24-CR-50009-KES, and an order for his release to permit him to prepare for the criminal trial. Doc. 1 at 7. A claim seeking dismissal of federal criminal charges is not cognizable in a civil rights action. Falcon v. U.S. Bureau of Prisons, 52 F.3d. 137, 139 (7th Cir. 1995) (holding that a federal civil rights action under Bivens is not the appropriate vehicle to seek dismissal of pending federal criminal charges). A motion to dismiss an indictment must be made in a federal criminal case. See Doc. 9 at 5 (denying Pond's request to take judicial notice of his arguments challenging the validity of the indictment and stating that it is not proper, in the context of a civil rights action, to seek review of the rulings in a pending criminal case). Release from custody is not an available remedy in a civil rights

action. A writ of habeas corpus is the exclusive mechanism to seek release from allegedly unconstitutional confinement. Preiser v. Rodriquez, 411 U.S. 475, 484 (1973) (recognizing that the essence of habeas corpus is "an attack by a person in custody upon the legality of that custody," and the traditional function of the writ "is to secure release from illegal custody"). Pond's official capacity claims against AUSA Poppen, Agent Healy, and Marshal Mosteller for injunctive relief are dismissed without prejudice for failure to state a claim upon which relief can be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

This Court declines to liberally construe Pond's complaint as a petition for writ of habeas corpus under 28 U.S.C. § 2241. Pursuant to a plea agreement, Pond entered a guilty plea to Count I of the superseding indictment in exchange for dismissal of the remaining counts Count II. United States v. Phil Pond, 5:24-CR-50009-KES, Doc. 305. He has been sentenced and is now in the custody of the Bureau of Prisons. Id. at Doc. 504. Thus, his request that this Court order Marshal Mosteller to release him from custody is moot.

### 2. Claims Against Sheriff Mueller

Pond's § 1983 claim against Sheriff Mueller stems only from his alleged unlawful detention of Pond. Specifically, Pond alleges that Sheriff Mueller detained him in violation of his Fourth and Fourteenth Amendment rights and in violation of the Fifth Amendment. Doc. 1 at 2, 4, 5

#### a. Official Capacity Claims

"A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). Here, Pond's official capacity claims against Pennington County Sheriff Mueller are equivalent to a claim against Pennington County. "[A] local government may

11

not be sued under § 1983 for an injury inflicted solely by its employees or agents." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). A municipal government may be sued only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," deprives a plaintiff of a federal right. Id.; see also Clay v. Conlee, 815 F.2d 1164, 1170 (8th Cir. 1987) (finding that "the [governmental] entity's official 'policy or custom' must have 'caused' the constitutional violation" in order for that entity to be liable under § 1983). A § 1983 complaint does not need to "specifically plead the existence of an unconstitutional policy or custom to survive a motion to dismiss." Crumpley-Patterson v. Trinity Lutheran Hosp., 388 F.3d 588, 591 (8th Cir. 2004) (citing Doe ex rel. Doe v. Sch. Dist., 340 F.3d 605, 614 (8th Cir. 2003)). But the complaint must include some allegation, reference, or language that creates an inference that the conduct resulted from an unconstitutional policy or custom. Id.; see also Doe, 340 F.3d at 614 ("At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom."). Pond does not allege that Sheriff Mueller detained him in accordance with an unconstitutional policy or custom of Pennington County. See generally Doc. 1. Thus, Pond's official capacity claims against Sheriff Mueller under § 1983 are dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

      b.      **Individual Capacity Claims**

Pond alleges that Sheriff Mueller detained him pursuant to Magistrate Judge Wollmann's order. Doc. 1 at 5. It is well established that a defendant is "absolutely immune from damages flowing from the fact of a prisoner's incarceration, when that incarceration occurs pursuant to a facially valid order of confinement." Patterson, 999 F.2d at 1241. An official acting "pursuant to a facially valid court order [has] a quasi-judicial absolute immunity from damages for actions taken

to execute that order." Id. at 1239–40. Although Pond alleges that Magistrate Judge Wollmann "unlawfully ordered detainment and transport," these allegations are insufficient to defeat quasi-judicial absolute immunity. Doc. 1 at 5. As the United States Court of Appeals for the Eighth Circuit has explained:

> For the criminal justice system to function, however, officials must be able to rely on facially valid court orders, and courts must be able to assume their orders will be enforced. Officials such as the wardens must not be required to act as pseudo-appellate courts scrutinizing the orders of judges. Absolute immunity is the only way to avoid placing prison wardens in that role.

Patterson, 999 F.2d at 1241 (citation modified). Pond's individual capacity claims against Sheriff Mueller are dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

## II. Conclusion

Accordingly, it is

ORDERED that Pond's § 1983 claims against AUSA Poppen, Agent Healy, and Marshal Mosteller are dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). It is further

ORDERED that Pond's individual capacity Bivens claims against AUSA Poppen, Agent Healy, and Marshal Mosteller are dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii, iii) and 1915A(b)(1, 2). It is further

ORDERED that Pond's official capacity claims against AUSA Poppen, Agent Healy, and Marshal Mosteller for money damages are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(2)(1). It is further

ORDERED that Pond's official capacity claims against AUSA Poppen, Agent Healy, and Marshal Mosteller for injunctive relief are dismissed without prejudice for failure to state a claim upon which can be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). It is further

ORDERED that Pond's official capacity claims against Sheriff Mueller are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). It is finally

ORDERED that Pond's individual capacity claims against Sheriff Mueller are dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

DATED June 26ᵗʰ, 2025.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE